**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-0226-WJM-KLM

EDWARD ALLEN,

    Plaintiff,

v.

EXECUTIVE DIRECTOR OF COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

---

**ORDER ADOPTING SEPTEMBER 17, 2020 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

    This matter is before the Court on the September 17, 2020 Report and Recommendation of United States Magistrate Judge Kristen L. Mix (the "Recommendation") (ECF No. 34) that the Court grant Defendant Colorado Department of Corrections' (the "CDOC") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss") (ECF No. 16). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    Plaintiff Edward Allen ("Allen"), proceeding *pro se*, filed an Objection to Judge Mix's Recommendation on October 2, 2020 ("Objection") (ECF No. 36). The CDOC filed a Response to the Objection on October 16, 2020 (ECF No. 37). For the reasons set forth below, the Recommendation is adopted in its entirety and Allen's Objection is overruled.

## I. BACKGROUND

Allen is currently incarcerated at the Colorado Territorial Correctional Facility, a facility operated by the CDOC.  (ECF No. 6 ¶ 5.)  Allen is serving concurrent, indeterminate sentences of 16 years to life and 10 years to life in prison, based on three separate convictions for sex offenses under Colorado Revised Statute § 18-3-405.3 on July 14, 2004.  (*Id.*; ECF No. 16 at 1–2.)  As part of Allen's sentence, the CDOC requires him to participate in a Sex Offender Treatment and Monitoring Program ("SOTMP") before he is eligible for parole.  (ECF No. 6 ¶ 5.)  Allen alleges that the CDOC failed to automatically evaluate him for the SOTMP upon his incarceration.  (*Id.*)  Allen contends that the CDOC's failure to place him in SOTMP violated his rights under the Eighth and Fourteenth Amendments.  (*Id.* ¶¶ 1–2.)  He brings the present action pursuant to 42 U.S.C. § 1983.  (*Id.* ¶ 1.)

Allen filed his initial Prisoner Complaint on January 27, 2020 (ECF No. 1).  Allen filed an Amended Prisoner Complaint ("Amended Complaint") on March 18, 2020 (ECF No. 6).  Allen's Amended Complaint is the current operative complaint in this action.

On May 29, 2020, the CDOC filed its Motion to Dismiss (ECF No. 16).  The CDOC argues that Allen's claims must be dismissed because they are time-barred, repetitious of previous litigation, and legally deficient notwithstanding the procedural defects.  (ECF No 16 at 2–3.)  Allen filed a Response to the Motion to Dismiss on June 19, 2020 (ECF No. 19).  The CDOC filed a Reply (ECF No. 22), and Allen filed a Surreply with leave of the Court (ECF No. 31).

## II. LEGAL STANDARD

### A.   Rule 72(b) Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 73(b)(3).  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

### B.   Rule 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty. of Denver*, 567

3

F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'"  *Id.* (quoting *Twombly*, 550 U.S. at 556).

Dismissal under Rule 12(b)(6) on the basis of an affirmative defense, such as noncompliance with the statute of limitations, is appropriate if the affirmative defense is apparent on the face of the complaint.  *Martinez v. City & Cty. of Denver*, 2010 WL 1380529, at *3 (D. Colo. Mar. 31, 2010); *Cosgrove v. Kan. Dept. of Soc. & Rehab. Serv.*, 332 F. App'x 463, 467 (10th Cir. 2009) ("[T]he statute of limitations is an affirmative defense, and to dismiss a claim pursuant to Rule 12(b)(6) on this basis it must be clear from the face of the complaint that the claims are time-barred.").

### III. ANALYSIS

Because Allen is proceeding *pro se*, the Court construes his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  The Court does not, however, "supply additional factual allegations to round out a plaintiff's complaint," or "construct a legal theory on a plaintiff's behalf."  *Whitney v. N.M.*, 113 F.3d 1170, 1175 (10th Cir. 1997).

**A.     Applicable Statute of Limitations**

The CDOC argues that, irrespective of whether Allen has a federally protected right to automatic enrollment in the SOTMP, his claim is barred as untimely.  (ECF No. 16 at 9.)  Allen's § 1983 claim is subject to the two-year statute of limitations set forth in Colorado Revised Statute § 13-80-102(1)(g).  *See* Colo. Rev. Stat. § 13-80-102(1)(g) (2014) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute"); *Blake v.*

4

*Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13-80-102 to a § 1983 claim). As such, the Court must determine whether Allen's cause of action accrued more than two years prior to the filing of his initial Complaint on January 27, 2020.

Federal law determines when a cause of action accrues. *See Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). Under federal law, a cause of action accrues "when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of the action." *Id.* at 969. In the case of a civil rights action, the statute of limitations begins to run "when facts that would support a cause of action are or should be apparent." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (citations omitted). Accordingly, the statute of limitations began running when Allen became aware of the CDOC's failure to evaluate him for SOTMP.

Allen's Amended Complaint includes few temporal details indicating when he became aware of the alleged violation of his rights. The Amended Complaint contains reference to Allen's prior actions in state court and grievances he filed relating to his enrollment in SOTMP, though he does not include dates of these actions. (ECF No. 6 at 5.) The only date included in Allen's Amended Complaint is 2017, when he alleges that he contacted the SOTMP and requested evaluation for treatment. (*Id.* at 8.) In its Motion to Dismiss, the CDOC includes copies of prior actions filed by Allen asserting identical claims, the most recent of which was filed in state court on August 17, 2017. (ECF No. 16-4.) Accordingly, as Judge Mix concluded, the statute of limitations began running on August 17, 2017 at the latest, more than two years before his filing of the

present action on January 27, 2020.  *See Pollard v. Clemants*, 2012 WL 2974676, at

*2–3 (D. Colo. July 20, 2012) (finding that statute of limitations began running when a

plaintiff filed a state court action asserting the same violations of rights later brought in

federal action).

## B.     Continuing Violation Doctrine

In his Surreply and in his Objection, Allen argues that the continuing violation

doctrine remedies the untimeliness of his claim.  (ECF No. 31 at 2; ECF No. 36 at 2–3.)

The continuing violation doctrine permits a plaintiff to assert a claim based on events

that occurred outside the limitations period "if such incidents are sufficiently related and

thereby constitute a continuing pattern" of civil rights violations.  *Hunt v. Bennett*, 17

F.3d 1263, 1266 (10th Cir. 1994).  Allen posits that the harm stemming from the

CDOC's failure to place him in the SOTMP was continuous and therefore violated his

rights within the statutory period.  (ECF No. 36 at 2–3.)

Judge Mix considered and rejected this argument.  (ECF No. 34 at 10–11.)  She

noted that the Tenth Circuit has never upheld application of the continuing violation

doctrine to § 1983 actions.  (*Id.* at 10.)  Further, the Tenth Circuit has expressly rejected

application of the continuing violation doctrine to claims brought pursuant to 42 U.S.C. §

1981, reasoning that the doctrine relates to the need to file administrative charges such

as is required by Title VII, and does not extend to other civil rights claims such as those

under Title 42.  *See Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1514 (10th Cir. 1997).

Finally, Judge Mix considered two similar cases in the District of Colorado in

which plaintiffs unsuccessfully attempted to invoke the continuing violation doctrine:

*Pollard v. Clemants*, 2012 WL 2974676 (D. Colo. July 20, 2012), and *Romero v. Lander*,

6

2011 WL 662761 (D. Colo. Feb. 14, 2011). (ECF No. 34 at 10–11.) In *Pollard*, the plaintiff alleged that his classification as a sex offender caused him to suffer ongoing civil rights violations such as inability to earn time credits for parole. *Pollard*, 2012 WL 297476, at *3. In *Romero*, after being classified as a sex offender, serving his sentence and being released, the plaintiff was arrested for another offense and his sex offender status was reinstated. *Romero*, 2011 WL 662761, at *2. The *Romero* plaintiff alleged that his reclassification as a sex offender was a new, discrete violation of his rights. *Id.* In both cases, the courts found the continuing violation doctrine inapplicable, holding that the alleged ongoing violations were merely the result of the initial purported injuries. *Id.*; *Pollard*, 2012 WL 297476, at *3.

In his Objection, Allen relies on a Second Circuit case involving a claim against prison officials for deliberate indifference to medical needs in violation of the Eighth Amendment. (ECF No. 36 at 2; *see also Shomo v. City of N.Y.*, 579 F.3d 176 (2d Cir. 2009).) Specifically, the court in *Shomo* found that the continuing violation doctrine may apply when a plaintiff alleges certain "non-time-barred acts taken in furtherance" of a policy of deliberate indifference to serious medical needs. *Shomo*, 579 F.3d at 182.

Allen's Objection is unavailing. As Judge Mix explained, even if the continuing violation doctrine were applicable to a § 1983 claim, Allen's alleged injuries, namely, that he was not automatically enrolled in the SOTMP, is a result of the CDOC's inaction upon Allen's incarceration. (ECF No. 34 at 10–11.) Additionally, notwithstanding its potential conflict with Tenth Circuit authority, *Shomo* is distinguishable in that the plaintiff alleged specific acts by the defendants which led to injury, such as the defendant's disregard of physicians' recommendations. *Shomo*, 579 F.3d at 182–84.

Allen does not allege that any cumulative acts by the CDOC caused a discrete injury, nor that any non-time-barred acts even occurred.

Finding no persuasive reason to extend the statute of limitations period in Allen's case, the Court concludes that his claim is barred as untimely.[1]  Accordingly, Allen's Objection is overruled and the Amended Complaint is dismissed with prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Report and Recommendation (ECF No. 34) is ADOPTED in its entirety;

2. Allen's Objection (ECF No. 36) is OVERRULED;

3. The CDOC's Motion to Dismiss (ECF No. 16) is GRANTED;

4. Allen's Amended Complaint (ECF No. 6) is DISMISSED WITH PREJUDICE;

5. The Clerk shall enter judgment in favor of the CDOC and against Allen;

6. The parties shall bear their own fees and costs; and

7. The Clerk shall terminate the case.

Dated this 31st day of December, 2020.

BY THE COURT:

William J. Martínez
United States District Judge

---

[1] Finding that dismissal is warranted on this ground, the Court need not consider other bases for dismissal.